UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| TERRY JO COOLEY, | ) | |
|---|---|---|
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:09-CV-535 RM |
| | ) | |
| EDWIN BUSS, Commissioner, Indiana | ) | |
| Department of Correction, *et al.* | ) | |
| | ) | |
| Defendants | ) | |

## OPINION AND ORDER

Terry Cooley, a prisoner confined at the Indiana State Prison ("ISP"), filed a complaint pursuant to 42 U.S.C. § 1983, alleging that Indiana Department of Correction ("IDOC") Commissioner Edwin Buss promulgated an illegal policy regarding revocation of contact visitation and that ISP Superintendent Mike Levenhagen enforced that illegal policy when he took away Mr. Cooley's contact visitation. Mr. Cooley seeks declaratory relief that Administrative Policy 02-01-102 is Constitutionally invalid and injunctive relief ordering the defendants to reinstate his contact visitation.

Pursuant to 28 U.S.C. § 1915A(a), the court shall review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The court must dismiss an action against a governmental entity or officer or employee of a governmental entity if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(b). Courts apply the same standard under

§ 1915A as when addressing a motion under RULE 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006).

A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.
>
> . . . only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity
> and then determine whether they plausibly give rise to an entitlement to relief.

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-1950; 173 L. Ed. 2d 868, 884 (2009) (quotation marks and citations omitted).

According to the complaint and the attached Modification of Visiting Privileges Form, ISP officials charged Mr. Cooley with a violation of the IDOC disciplinary code. A disciplinary hearing board found Mr. Cooley guilty of that charge and imposed sanctions that didn't include restrictions on his visitation. After the DHB found Mr. Cooley guilty, ISP officials, in a separate action, modified his visiting privileges by taking away his contact visitation. (Docket #1-2). Mr. Cooley alleges that the imposition of restrictions on contact visitation in an administrative action following the disciplinary action violates the Fourteenth Amendment's due process clause.

Mr. Cooley brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. Burrell v. City of Mattoon, 378 F.3d 642 (7th Cir. 2004). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. West v. Atkins, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. Baker v. McCollan, 443 U.S. 137, 140 (1979).

Mr. Cooley alleges that the restriction on his contact visitation in an separate administrative action after a finding of guilt in prison disciplinary proceeding denied him due process of law. The Fourteenth Amendment's due process clause, however, doesn't protect against every change in the conditions of confinement having a substantial adverse impact on a prisoner. Sandin v. Conner, 515 U.S. 472, 484 (1995). A convicted prisoner is entitled to due process only when the conditions imposed work an atypical and significant

hardship on him in relation to the ordinary incidents of prison life or where the discipline imposed infringed on rights protected by the due process clause of its own force. Even transferring a prisoner from the general population to a segregation unit does "not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest," and is "within the expected parameters of the sentence imposed by a court of law." Sandin v. Conner, 515 U.S. at 485.

There is no Constitutional right to contact visitation, Thorne v. Jones, 765 F.2d 1270 (5th Cir. 1985), and restricting an inmate to non-contact visitation states no claim upon which relief can be granted in a § 1983 action. Inmates have no independent constitutional right to visitation or to particular forms of visitation, see Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454 (1989); Smith v. Shettle, 946 F.2d 1250 (7th Cir. 1991), and prison officials have considerable discretion in deciding the time, place, duration, and conditions of visitation. Berry v. Brady, 192 F.3d 504, 508 (5th Cir. 1999); Peterson v. Shanks, 149 F.3d 1140, 1145 (10th Cir. 1998). The restriction Supt. Levenhagen placed on Mr. Cooley's visitation falls within the discretion the Constitution affords to prison officials, the restriction doesn't work an atypical and significant hardship on him in relation to the ordinary incidents of prison life, and it is "within the expected parameters of the sentence imposed by a court of law." Sandin v. Conner, 515 U.S. at 485.

For the foregoing reasons, pursuant to 28 U.S.C. § 1915A(b)(1), the court DISMISSES this complaint. The court DENIES the plaintiff's motion for a preliminary injunction (docket #4) as moot.

SO ORDERED.

ENTERED: December  1 , 2009

                                  /s/ Robert L. Miller, Jr.
                                Chief Judge
                                United States District Court

cc: T. Cooley